# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01921-STV

EL TAPATIO, INC.,
d/b/a EL TEJADO MEXICAN RESTAURANT,

    Plaintiff,

v.

HAMILTON SPECIALTY INSURANCE COMPANY,

    Defendant.
_____

# ORDER
_____

Magistrate Judge Scott T. Varholak

    This matter comes before the Court on the parties' Joint Motion to Consolidate Civil Action No. 1:19-CV-01922-NYW and Civil Action No. 19-CV-01924-REB-NRN with this Action and Enter a Stay of Action (the "Motion"), filed on November 1, 2019. [#19] The parties in the instant matter have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgement. [##14-15] This Court has carefully considered the Motion and related briefing, the entire case file and the applicable case law. For the following reasons, the Motion is **GRANTED**.

    Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a)(2). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the

court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004).

Plaintiff El Tapatio, Inc., d/b/a El Tejado Mexican Restaurant, originally filed the instant action in the Broomfield Country District Court in May 2019. [#4] The case was removed to this Court on July 3, 2019. [#1] The instant action arises out of a disputed property insurance claim. [*See generally* #4] Plaintiff alleges that in May 2017, its property located in Broomfield, Colorado, covered by an insurance policy issued by Defendant, was damaged as a result of a hail and wind storm. [*Id.*] Plaintiff filed a claim with Defendant, and alleges that Defendant has failed to issue payment for the physical losses and damages to the property, as outlined by repair estimates, and that Defendant has failed to conduct a full, fair, and thorough investigation of Plaintiff's claim. [*Id.* at 10-12] Plaintiff brings the following causes of action: a request for declaratory relief to compel appraisal, breach of contract, bad faith breach of insurance contract, and unreasonable delay and denial of payment of covered benefits, in violation of Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116. [*Id.* at 12-19]

At the same time the instant action was filed, Plaintiff filed very similar complaints against Defendant that have since been removed to this Court. *El Tapatio, Inc. v. Hamilton Specialty Insurance Company*, Civil Action No. 19-cv-01922-NYW [##1, 4] ("*El Tapatio II*"); *El Tapatio, Inc. v. Hamilton Specialty Insurance Company*, Civil Action No. 19-cv-01924-REB-NRN [##1, 5] ("*El Tapatio III*"). Those cases are largely identical to the instant matter, and arise out of Plaintiff's claims for hail and wind damage under the same

2

general insurance policy, except that the cases involve properties in Englewood and Arvada, respectively, and repair estimates specific to the damage to those properties. *El Tapatio II* [#4]; *El Tapatio III* [#5]. All three matters assert identical causes of action.

The parties argue that consolidation of the three cases is appropriate because the cases involve the same parties, and "saliently identical questions of law and fact"—namely, Plaintiff's claims for coverage under the same commercial insurance policy issued by Defendant, in relation to alleged property damage following a wind and hail storm in May 2017. [#19 at ¶¶ 2-3] The parties note that Defendant utilized the same third-party risk management group to administer the claims at issue in all three matters, and that the third-party risk manager utilized the same representatives to adjust the claims. [*Id.* at ¶ 4] The parties further indicate that they retained and utilized public adjusters, engineers, experts, and contractors common to all three claims, and therefore anticipate that there will be significant overlap of fact and expert witnesses across all three cases. [*Id.* at ¶ 5]

The Court agrees that the three cases raise common questions of fact and law and that consolidation is appropriate. At the heart of all three cases is coverage under the same insurance policy issued by Defendant for property damage after a May 2017 hail and wind storm. Judicial economy is "unquestionably served by consolidation," where, as here, "it will eliminate the need for various judicial officers to address and rule on substantially the same issues" in three different cases. *Skaggs v. Level 3 Commc'ns, Inc.*, No. 09-cv-00200-PAB-CBS, 2009 WL 458682, at *2 (D. Colo. Feb. 24, 2009). The Court finds that the common questions of fact and law, and resulting overlap of discovery, outweigh any delay that may result from consolidation.

The parties further move for a 90-day stay of the consolidated case in order to accommodate the parties' agreement to enter into appraisal under the insurance policy in all three lawsuits. [#19 at 1, 4] In determining whether to grant a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:03-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). As to the first two factors, the parties agree to a stay and acknowledge that they will not be prejudiced by a stay. [#19 at 4] Under the third factor, the Court finds that a 90-day stay will not inconvenience the Court, and appraisal efforts may enable the parties to resolve certain issues in this litigation without the need for Court intervention. Under the fourth factor, the parties indicate that they are unaware of any nonparty interests in a stay of this matter. Finally, there is a "public interest [in] promoting the voluntary resolution of disputes." *Rocky Mountain Wild v. Vilsack*, No. 09-cv-01272-WJM, 2013 WL 3233573, at *8 (D. Colo. June 26, 2013). The Court thus concludes that a 90-day stay of the consolidated case is appropriate.

Accordingly, for the foregoing reasons, the Court **ORDERS** as follows:

1. The Join Motion to Consolidate [#19] is **GRANTED**;
2. In accordance with the Court's inherent power to control its docket, and pursuant to Federal Rule of Civil Procedure 42(a), *El Tapatio II*, Civil Action No.

19-cv-01922-NYW, and *El Tapatio III*, Civil Action No. 19-cv-01924-REB-NRN are **CONSOLIDATED** into the above-caption action (the "Consolidated Case").

3. The Consolidated Case shall be the lead case and all future filings shall be made in this action.

4. The Clerk shall re-docket the following filings on the Consolidated Case docket from *El Tapatio II*: ECF Nos. 4 and 18, and the following filing from *El Tapatio III*: ECF No. 5.

5. Since the same attorneys have already entered their appearance on behalf of Plaintiff and Defendant, respectively, in all three cases, the Court will deem their appearance effective in the Consolidated Case.

6. Pursuant to D.C.COLO.LCivR 40.1(d)(4)(C), the Clerk is directed to reassign the Consolidated Case to the undersigned.[1]

7. The Consolidated Case is **STAYED** for 90 days, until **February 3, 2020**, and **the parties shall file a joint status report on or before February 3, 2020**.

8. A copy of this Order shall be docketed in *El Tapatio II* and *El Tapatio III*.

DATED: November 5, 2019          BY THE COURT:

                                                     s/Scott T. Varholak
                                                     United States Magistrate Judge

---

[1] The parties have consented to magistrate judge jurisdiction in the instant matter [##14, 15] and in *El Tapatio II*, Civil Action No. 19-cv-01922-NYW [##18-19]. The parties have not yet filed the Election Concerning Consent/Non-Consent to Magistrate Judge Jurisdiction Form in *El Tapatio III*, but because the parties, and counsel, are identical across all three actions, the Court deems it unnecessary to require an additional consent form for *El Tapatio III*.